# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: May 29, 2024

```
* * * * * * * * * * * * * *    *
KAITLYN J. REECE and KRISTOPHER    *      No. 20-1267V
M. REECE parents and natural guardians  *
of K.R., a minor,                  *
                                   *
            Petitioner,            *      Special Master Sanders
                                   *
 v.                                *
                                   *
SECRETARY OF HEALTH                *
AND HUMAN SERVICES,                *
                                   *
            Respondent.            *
* * * * * * * * * * * * * *    *
```

*Robert J. Krakow*, Law Office of Robert J. Krakow, P.C., New York, NY, for Petitioner.
*Bridget Corridon*, U.S. Department of Justice, Washington, DC, for Respondent.

## DISMISSAL[1]

On September 24, 2020, Kaitlyn Reece and Kristopher Reece, as parents and natural guardians of K.R., a minor, ("Petitioners") filed a petition for compensation under the National Vaccine Injury Compensation Program[2] ("Vaccine Program" or "Program"). 42 U.S.C. § 300aa-10 to 34 (2012). Petitioners alleged that K.R. suffered from vitiligo and related skin conditions due to a diphtheria-tetanus-pertussis ("Dtap") vaccine administered on September 27, 2017. Pet. at 1, ECF No. 1; Amend. Pet. at 1, ECF No. 21.

On December 4, 2023, Petitioners filed a status report indicating that they were unable to file an expert report and requested thirty days to evaluate the status of the case. Status Report at 1, ECF No. 71. On May 24, 2024, Petitioners filed a motion for a decision dismissing this petition.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755 ("the Vaccine Act" or "Act"). Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Pet'r's Mot., ECF No. 77. In the motion, Petitioners stated that "[a]n investigation of the facts and available science supporting [P]etitioners' cause has demonstrated to [P]etitioners that they will be unable to prove that they are entitled to compensation in the Vaccine Injury Compensation Program[.]" *Id.* ¶ 1. Petitioners continued, "[i]n these circumstances, to proceed further would be unreasonable and would waste the resources of the Court, the [R]espondent, and the [Program]." *Id.* ¶ 3. Petitioners noted their understanding that Respondent "reserves his opportunity to question the good faith and reasonable basis of their claim and to oppose, if appropriate, their application for fees and costs." *Id.* ¶ 5. Otherwise, Respondent did not oppose Petitioner's motion. *Id.* ¶ 5-6.

To receive compensation under the Program, Petitioner must prove either (1) that K.R. suffered a "Table Injury"—i.e., an injury falling within the Vaccine Injury Table—corresponding to the vaccination, or (2) that K.R. suffered an injury that was actually caused by a vaccine. *See* §§ 13(a)(1)(A), 11(c)(1). An examination of the record did not uncover evidence that K.R. suffered a "Table Injury." Further, the record does not contain persuasive evidence that K.R.'s alleged injuries were caused by the Dtap vaccine.

Under the Act, petitioners may not be given a Program award based solely on their claims alone. Rather, the petition must be supported by medical records or the opinion of a competent physician. § 13(a)(1). In this case, the medical records are insufficient to prove Petitioner's claim, and at this time, Petitioner has not filed sufficient supporting evidence. Therefore, this case must be **dismissed for insufficient proof. The Clerk shall enter judgment accordingly**.[3]

**IT IS SO ORDERED.**

s/Herbrina D. Sanders
Herbrina D. Sanders
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of a notice renouncing the right to seek review.